UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL ACTION

HELEN FAYE  STEWART                             NUMBER 12-15-JJB-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 30, 2013.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL ACTION

HELEN FAYE  STEWART                             NUMBER 12-15-JJB-SCR


### MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Helen Faye Stewart.  Record document number 65.

Petitioner pled guilty to one count health care fraud in violation of 18 U.S.C. § 1347.  Petitioner was sentenced to 46 months in the custody of the United States Bureau of Prisons.  Judgment was entered September 25, 2012.  Petitioner did not appeal her conviction and sentence.

Petitioner's § 2255 motion was filed timely.  No evidentiary hearing is required.

Petitioner raised five grounds for relief in his § 2255 motion, all asserting ineffective assistance of counsel.  Only Ground Five is addressed in this report.

**Ground Five: Ineffective Assistance of Counsel on Appeal**

In her fifth ground for relief, the petitioner argued that the failure by counsel to perfect an appeal from her guilty plea

constituted ineffective assistance of counsel on appeal. Specifically, the petitioner argued that after sentencing counsel assured her that an appeal would be filed within 10 days. Petitioner argued that after numerous failed attempts to contact counsel, she met with counsel nine days after sentencing. Petitioner argued that when she demanded to know whether an appeal had been filed on her behalf, counsel suggested that she get another attorney to review the case. Petitioner argued that She was unable to file a notice of appeal on his own behalf.

In its response, the United States did not dispute the petitioner's allegations. Rather, the United States argued that the petitioner waived her right to appeal her conviction and sentence, subject to limited exceptions. The United States further argued that the petitioner was notified by the court of her right to appeal her conviction and sentence within 14 days. Finally, the United States argued that the petitioner will be unable to establish by a preponderance of the evidence that she instructed her counsel to file a timely notice of appeal and that counsel failed to follow that instruction. In support of its response, the United States relied upon the affidavit Jarvis M. Antwine, the petitioner's counsel. In relevant part, the affidavit stated "[a]t no time did Affiant advise the defendants not to appeal. In fact, Affiant advised the defendants to seek other representation for an

2

appeal."[1]

The United States' argument is not persuasive, particularly in light of the affidavit of the petitioner's counsel.

For the reasons which follow, the petitioner should be granted an opportunity to file an appeal.

## Applicable Law and Analysis

The Sixth Amendment entitles a criminal defendant to effective assistance of counsel on direct appeal. *United States v. Reinhart*, 357 F.3d 521 (5th Cir. 2004). To prevail on a claim of ineffective assistance for failure to file a notice of appeal, the petitioner must show that the failure fell below and objective standard of reasonableness and that it prejudiced him. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478, 120 S.Ct. 1029, 1035 (2000).

A defendant has the ultimate authority to make certain fundamental decisions regarding the case, such as whether to plead guilty, waive a jury, testify in his own behalf, or take an appeal. *Wainwright v. Sykes*, 433 U.S. 72, 93 n.1, 97 S.Ct. 2497, 2509 n.1 (1977).

A lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *Roe v. Flores-Ortega*, 528 U.S. at 477, 120 S.Ct. at 1035. Counsel's failure to do so cannot be

---

[1] Record document number 73-1, p. 1, ¶ E.

considered a strategic decision. *Id*. On the other hand, a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot complain that, by following his instructions, his counsel performed deficiently. *Id*. An attorney's failure to file an appeal after being specifically instructed to do so entitles the defendant to an appeal without regard to a showing that the appeal would actually have merit (i.e., without regard to a showing of actual prejudice.) *Id*.

Courts must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 2066 (1984). Judicial scrutiny of counsel's performance must be highly deferential. *Id*. at 689, 104 S.Ct. at 2065.

When a defendant has not specifically expressed his wishes regarding an appeal, the preliminary inquiry is "whether counsel in fact consulted with the defendant about an appeal." *Flores-Ortega,* 528 U.S. at 478, 120 S.Ct. at 1035. Under *Flores-Ortega*, "consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id*. If counsel consults with the defendant, then counsel acts in a "professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id*. If counsel has not

consulted with the defendant, the inquiry is whether counsel's failure to consult with the defendant itself constitutes deficient performance. *Id*.

Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *Id.* at 480, 120 S.Ct. at 1036. In making this determination, the court must take into account all the information counsel knew or should have known. *Id*. Although not determinative, a highly relevant factor in this inquiry is whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. *Id*. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. *Id*.

The rule set forth in *Flores-Ortega* is applicable in cases even when the defendant has waived his rights to direct appeal and collateral review. *U.S. v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).

The second part of the *Strickland* test requires the petitioner to show prejudice from counsel's deficient performance. To show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. *Flores-Ortega*, 528 U.S. at 484, 120 S.Ct. at 1038.

When counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal. *Id.*, 120 S.Ct. at 1039.

The Fifth Circuit Court of Appeals has consistently held that the failure of counsel to timely file or perfect an appeal upon request of the defendant constitutes ineffective assistance of counsel, entitling the defendant to post-conviction relief in the form of an out-of-time appeal. *See, e.g.*, *Barrientos v. United States*, 668 F.2d 838 (5th Cir. 1982); *Mack v. Smith*, 659 F.2d 23 (5th Cir. 1981); *Chapman v. United States*, 469 F.2d 634 (5th Cir. 1972); *Arrastia v. United States*, 455 F.2d 736 (5th Cir. 1972); *Kent v. United States*, 423 F.2d 1050, 1051 (5th Cir. 1970); *Atilus v. United States*, 406 F.2d 694 (5th Cir. 1969); *Schwander v. United States*, 386 F.2d 20 (5th Cir. 1967); *Brewen v. United States*, 375 F.2d 285 (5th Cir. 1967); *Bray v. United States*, 370 F.2d 44 (5th Cir. 1966); *Camp v. United States*, 352 F.2d 800 (5th Cir. 1965).

When leave to file an out-of-time appeal is granted, the § 2255 petition should be dismissed without prejudice and the district court should vacate then reinstate the criminal judgment on the docket of the court to trigger the running of a new Rule 4(b), Fed.R.App.P., appeal period. *United States v. West*, 240 F.3d 456, 459 (5th Cir. 2001).

The statement in paragraph E of counsel's Affidavit, accepted as true, supports a finding that counsel discussed taking an appeal with the petitioner and clearly knew the petitioner wanted to file an appeal. Counsel took no steps whatsoever to perfect an appeal. Therefore, counsel's representation fell below an objective standard of reasonableness. The record evidence also supports a finding that the petitioner was prejudiced by counsel's deficient performance since a notice of appeal was not filed. But for counsel's failure to file a notice of appeal, the petitioner would have timely appealed.

There is no need to address at this time any of the other grounds for relief asserted in the petition. It is generally inappropriate to address issues raised in a § 2255 petition when a appeal is pending. *See Bowen v. Johnston*, 306 U.S. 19, 26-27, 59 S.Ct. 442, 445-446 (1939) (A district court should entertain a habeas action during the pendency of a direct appeal only when the face of the record reveals that the trial court did not have jurisdiction to convict the defendant or when the need for the writ

7

…

is apparent); *see also* § 2255 Rule 5, Advisory Comm. Note 1, (explaining that there is no "jurisdictional bar" to entertaining a § 2255 motion during the pendency of a defendant's direct appeal, but "orderly administration of criminal law precludes considering such a motion absent exceptional circumstances"). There are no extraordinary circumstances apparent on the face of the record for taking the petitioner's case outside the scope of the general rule. If the recommendation made in this report is accepted by the district judge, the petitioner will have the opportunity to pursue an out-of-time appeal. There is no indication in the record that the petitioner would forego that opportunity.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that (1) the Helen Faye Stewart's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be dismissed without prejudice and (2) the Judgment of conviction be vacated and then reinstated, thereby affording the defendant an opportunity to file a notice of appeal.

If this recommendation is accepted by the district judge, the petitioner will be responsible for promptly enrolling counsel or requesting appointment of counsel, and for filing a notice of appeal within the 14 day time limit set forth in Rule 4(b)(1)(A), Fed.R.App.P.

If this recommendation is not accepted by the district judge,

the petitioner's § 2255 motion should be referred back to the magistrate judge for further proceedings on the petitioner's four remaining claims.

Baton Rouge, Louisiana, October 30, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE